José Collazo Bracero, Appellant, *v.* Registrar of Property of Aguadilla, Respondent.

No. 1051.   Submitted June 13, 1939.—Decided July 29, 1939.

*Buenaventura Esteves* for appellant.   The Registrar appeared by brief.

Mr. Justice Wolf delivered the opinion of the Court.

José Collazo Bracero brought suit against the heirs of José Soto Vélez in the District Court of Aguadilla for the recovery of $2,873.10. To insure the effectiveness of the judgment a property of 71.75 *cuerdas* belonging to the defendant heirs was attached. During the proceedings in the

district court, the parties came to an agreement. Inasmuch as there were minors among the heirs, a plan of compromise was had before the district court in order to bring the suit to an end. In the same suit a petition was brought under Section 80 of the Law of Special Legal Proceedings (Section 614 of the Code of Civil Procedure of 1933) to have said compromise approved by the district court, with the intervention of the district attorney, and to authorize an exchange of certain property between the here petitioner José Collazo Bracero and the defendants, who were the minor heirs and their mother. To that effect an order (*resolución*) was issued by the district court.

Said order provided that the property of 71.75 *cuerdas,* worth $8,054.78, be conveyed to the petitioner and in exchange (*por permuta*) the heirs defendants were to receive (as payment of a certain difference between the value of said property and the debt claimed plus other liens) another property of ten *cuerdas* belonging to the petitioner.

The petitioner sought to record his property thus acquired in the registry of property but the registrar refused record on the ground that the compromise approved by the court was tantamount to an alienation of said property that could not take effect without a previous sale at public auction as provided by law inasmuch as the property belonged to minors.

The petitioner alleges, first, that a conveyance of sale according to the Law of Special Legal Proceedings requires a public auction, but not so a deed of exchange *(permuta)*; second, that the deed of exchange involved complies with all the requirements of the law inasmuch as a previous authorization of the competent district court was obtained with the intervention of the district attorney.

Does the law contemplate that property belonging to minors must be alienated always through public sale? We think it does not. The law says (Section 614, Code of Civil Procedure) :

"Section 614.—In all cases where, according to the provisions of the Civil Code, the parents or the tutor of a minor or incapacitated person, shall be in need of judicial authorization to do anything relative to the keeeping of said minor or incapacitated person or of his property, a petition shall be filed with the district court of competent jurisdiction, setting forth under oath the following particulars:

"1. . . . . . . . . .

"2. . . . . . . . . .

"3. . . . . . . . . .

"4. . . . . . . . . .

"5. The minimum auction price of the property to be admitted in all cases of sale of real and personal property, where the value thereof exceeds the amounts determined in sections 299 (now 159) and 282 (now 212) paragraph five, of the Civil Code.

"6. If the authorization be for the constitution of a lien or encumbrance on real property, the nature and conditions of encumbrance shall be stated.

"7. The specific conditions of the contract in the case of exchange of real property or of the lease thereof, for a longer term than six years."

The statute speaks of auction "in all cases of sale" but in cases of exchange the conditions imposed are that the petition shall contain the specific conditions of the contract of exchange.

If we go on reading Section 614, we see that the law clears up any doubt which may remain. Among the particulars which must appear from the petition is:

"8. The name of the party acquiring the right to be conveyed, except in the case of alienation through public sale."

This part of Section 614 makes it clear that there are cases of alienation other than by public sale. These are necessarily those arising out of paragraphs numbers 6 and 7, and it is to them that paragraph 8 applies.

The registrar agrees that it would be practically impossible to execute a deed of exchange through auction, and argues that therefore property of minors should not be exchanged.

It is evident that the law allows for the exchange of a minor's property, if the court so authorizes, and an auction need not be held. As a matter of fact, as the registrar says, the nature of the exchange of property *(permuta)* is inconsistent with a public auction.

The case cited by the registrar, *Acosta* v. *Registrar,* 29 P.R.R. 8, has no bearing on this one. There property belonging to minors was sold without the court's permission.

Here, from the order of the court, transcribed in the deed, it appears that all the requirements of law have been performed.

The registrar raises in his brief a question as to whether the mother should have been granted half of the interest in the property acquired when that which was conveyed belonged wholly to the minor children and the mother had only an usufruct therein. We cannot enter upon that issue since it was not one of the grounds of the denial.

The recurred note must be reversed.

Mr. Justice Travieso took no part in the decision of this case.